UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD PALMER, JR.,

    Plaintiff,

v.

SCRIPPS MEDIA, INC.,

    Defendant.

Case No. 24-cv-12353

Hon. Brandy R. McMillion

Magistrate Judge David R. Grand

## JOINT PROPOSED RULE 26(f) DISCOVERY PLAN

1. **Related Cases.** There are no pending related cases or previously-adjudicated related cases.

2. **Jurisdiction.** The Court has federal-question subject-matter jurisdiction over the claims brought under 42 U.S.C. § 1981, Title VII, and the Americans with Disabilities Act. The Court has supplemental jurisdiction over the state-law Elliot-Larsen claims as they arise under the same case or controversy as the federal-question claims.

3. **Factual Summary.** This is an employment discrimination lawsuit. The core, dispositive factual issues are the reasons for the alleged adverse actions raised by Plaintiff's claims, or whether Plaintiff has established a hostile work environment.

**Plaintiff's brief summary**: Mr. Palmer is a Black male and was employed by Defendant as a Stage Manager for the subsidiary WXYZ Channel 7 ABC News Detroit. During the course of his employment and as alleged in the Complaint, he experienced numerous adverse actions that affected his everyday work life based on several protected classifications. Further, he experienced additional stress, anxiety, and/or hostility in the expectations placed on him with minimal training on how to properly succeed in the role. Because of these complaints that were brought to the attention of Defendant, Mr. Palmer experienced further hostility towards him.

In addition, Mr. Palmer's disabilities were known to Defendant and affected some of the issues Defendant allegedly had with Mr. Palmer. Due to all the treatment he received, he brought his concerns up again with an investigation that did not interview individuals who would have supported Mr. Palmer's allegations. Shortly after the investigation came back with no findings or discipline for the complained of individuals, Mr. Palmer was terminated. This lawsuit follows as a result of these actions as set forth in the Complaint.

**Defendant's brief summary**: Plaintiff was terminated for attendance after receiving a significant amount of coaching and a final written warning for attendance and performance issues. Scripps has several policies in place to protect employees against discrimination of any type. Contrary to what Plaintiff claims, he had already been suspended pending termination before making the complaint that prompted an

investigation into his concerns, with his termination held in abeyance so a thorough investigation could be completed. That thorough investigation did not substantiate Plaintiff's allegations and made clear that management had legitimate attendance and performance concerns. There was no discrimination and no hostile environment.

4. **Legal Issues.** The legal issues will generally involve the application of fact to well-established law under the relevant employment statutes. All claims are potentially appropriate for resolution by summary judgment motion.

5. **Amendment of Pleadings**. The parties do not currently anticipate amended pleadings.

6. **Discovery.**

**(a) Summarize the discovery each party intends to pursue, including expert witnesses, the reasonable time needed for completion, and any anticipated disputes.**

Plaintiff may issue requests for production, interrogatories, and requests for admission to Defendant and its agents, any expert witnesses that it discloses, and any other individual identified by Defendant as possessing discoverable information. Further, the Plaintiff will likely seek depositions of all named persons or witnesses mentioned in his Complaint and may also issue subpoenas to third parties in accordance with Fed. R. Civ. P. 45.

Defendant may issue requests for production, interrogatories, and requests for admission to Plaintiff and intends to depose Plaintiff, any expert witnesses that he

discloses, and any other individual identified by Plaintiff as possessing discoverable information. Scripps may also issue subpoenas to third parties in accordance with Fed. R. Civ. P. 45.

The parties believe that discovery can be completed within 6 months of the Court's initial conference. The parties do not currently anticipate any discovery disputes and will attempt to resolve any disputes that arise before seeking the Court's intervention, as required by Local Civil Rule 37.1.

**(b) Explain the arrangements for exchanging initial disclosures required by Fed. R. Civ. 26(a)(1)**

The parties will exchange their Rule 26(a)(1) initial disclosures by January 3, 2025.

**(c) Indicate whether any changes should be made in the limitations on discovery imposed by the Federal and Local Rules**

The parties do not currently anticipate a need to change the limitations on discovery imposed by the Federal Rules of Civil Procedure and Local Civil Rules, but reserve the right to request a change if there is good cause to do so.

**(d) address whether there is a need to enter a protective order or a confidentiality order pursuant to Federal Rule of Evidence 502(d).**

The parties intend to present to the Court a stipulated protective order, which will cover such things as Defendant's confidential and proprietary business records and Plaintiff's medical, health, and income/tax information.

The parties agree that it would be appropriate for the Court to enter an order applying the protections of Rule 502(d) to the production of privileged or work-product protected documents in this case.

7. **Electronic Discovery.** The parties have discussed the production of electronically stored information ("ESI") and have agreed as follows:

a. Both parties possess discoverable ESI.

b. Each party shall design and implement the methods it uses to identify, cull, and review potentially responsive ESI based on its knowledge and understanding of its own data, the facts and issued involved in the case, and the discovery requests it has received. A party may apply search terms to appropriate sources and may also conduct a targeted collection of sources likely to contain responsive materials. At the request of the other party, a party will promptly disclose the search terms and sources used to cull potentially responsive ESI.

c. The parties will produce files in PDF format except that spreadsheets, PowerPoint presentations, audio, and video recordings shall be produced in native format.

d. The parties will collect and produce text messages and social media messages using Decipher TextMessage or substantially similar software.

 e.  Each page of each file shall be branded with a unique Bates number and confidentiality designation (if any) in a location that does not cover up any of the file's original content.

 f.  A party may redact sensitive personal information – *i.e.*, protected health information, financial account numbers, dates of birth, home addresses, Social Security numbers, driver's license numbers, and passport numbers – from responsive files before production.

 g.  The parties will meet and confer over a deadline for the exchange of privilege logs.

 h.  The obligation to provide a log of privileged or work product materials pursuant to Federal Rule of Civil Procedure 26(b)(5) presumptively shall not apply to:

  a.  Communications between a party and its counsel regarding this litigation;

  b.  Communications between a party's counsel and any expert or consultant retained for or consulted regarding this litigation; and

  c.  Documents created on or after the filing of Plaintiff's Complaint.

The parties do not believe entry of the Model Order Relating to Discovery of Electronically Stored Information is necessary in this case.

**8. Settlement.** The parties are not interested in case evaluation. Facilitative mediation may be most helpful in evaluating settlement, once discovery has been largely completed.

9. **Consent**. The parties do not consent to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this action.

10. **Trial**. This will be a jury trial. The parties can be ready for trial within 4 months of resolution of dispositive motions.

**11. Miscellaneous.** N/A

Stipulated and agreed to:

| CARLA D. AIKENS, P.L.C. | KIENBAUM HARDY VIVIANO PELTON & FORREST, PLC |
|---|---|
| By:*/s/Austen J. Shearouse with permission*<br>    Carla D. Aikens (P69530)<br>    Austen J. Shearouse (P84539)<br>*Attorney for Plaintiff*<br>615 Griswold St., Ste. 709<br>Detroit, MI  48226<br>carla@aikenslawfirm.com<br>austen@aikinslawfirm.com | By: */s/Thomas J. Davis*<br>    Thomas J. Davis (P78626)<br>    Lauren J. Walas (87669)<br>*Attorneys for Defendant*<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>tdavis@khvpf.com<br>lwalas@khvpf.com |
| Dated:  December 11, 2024 | Dated:  December 11, 2024 |

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2024, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

>/s/Thomas J. Davis
> Thomas J. Davis (P78626)
> Kienbaum Hardy
> Viviano Pelton & Forrest, P.L.C.
> 280 North Old Woodward Ave., Ste. 400
> Birmingham, MI 48009
> (248) 645-0000
> tdavis@khvpf.com

551075