# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GERALD PALMER, JR.,

     Plaintiff,

v.

SCRIPPS MEDIA, INC.,

     Defendant.

Case No. 24-cv-12353

Hon. Brandy R. McMillion

Magistrate Judge David R. Grand

_____

## STIPULATED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to control the discovery and dissemination of confidential or proprietary information, or information which will improperly annoy, embarrass, or oppress any party, witness, non-party, or person providing discovery in this case (hereafter collectively referred to as "Confidential Information"), **IT IS HEREBY ORDERED**:

1.    "Confidential Information" will include confidential or proprietary business information, confidential personal information, or information relating to personal privacy interests. For purposes of this Order, the following categories of documents and information will generally be considered "Confidential Information" and subject to this Protective Order:

- Confidential or proprietary business information, including all materials containing information related to financial or business plans, data or projections; proposed plans and strategies; studies or analyses by internal or external experts; financial or tax data;

competitive analyses; compensation planning; current personnel, including officers, directors or partners; matters subject to confidentiality or non-disclosure agreements with third parties; trade secrets; or other information a party may deem competitively sensitive or proprietary.

- Confidential personal information, including information or documents concerning individual tax returns, medical records, educational transcripts and other information of a sensitive and personal nature, or information protected from disclosure by statute.

2.    Confidential Information subject to this Protective Order may, depending on the content, be included in a variety of documents, including but not limited to: documents voluntarily provided for purposes of advancing facilitation efforts or other alternative dispute resolution; documents produced pursuant to written discovery; answers to interrogatories; responses to requests for admission; deposition testimony; and other information disclosed in the context of discovery of this case by any party or disclosed pursuant to the discovery procedures created by the Federal Rules of Civil Procedure.

3.    Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case, *Gerald Palmer Jr. v. Scripps Media, Inc.*, Case No. 24-cv-12353, and will not be used in any other litigation or disclosed to any print, broadcast, or other media.

4.    Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)    attorneys for the parties actively working on this case;

(b)    any person who previously received or authored the materials;

(c)    persons regularly employed or associated with the attorneys for the parties actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case, including paralegal, clerical, and secretarial staff employed by such attorneys;

(d)    the Parties, their managerial agents, and individual employees—but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(e)    expert witnesses and consultants engaged in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(f)    mediators, facilitators, or other persons retained by the parties to assist in the resolution of this matter, and their staff;

(g)    the Court and its employees ("Court Personnel");

(h)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(i)    deponents, witnesses, or potential witnesses; and
(j)    other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

5.    Prior to disclosing any Confidential Information to any person listed

above (other than counsel, persons employed by counsel, the parties, managerial

agents of the parties, mediators and facilitators, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and inform such person that the document(s) being provided are subject to the Protective Order and obtain his or her assent to be bound by terms of the Protective Order, except that managerial agents of the parties who receive Confidential Information are deemed bound by the terms of this Order.

6.      Documents shall be designated as Confidential Information by counsel by placing or affixing on them (in a manner that will not interfere with their legibility) the following notice: "CONFIDENTIAL" or "PRODUCED PURSUANT TO PROTECTIVE ORDER" or a substantially similar designation.  If the document did not originate from the party seeking to affix the Confidential Information label, or was not produced in this action by that party, the Confidential Information designation will occur upon written notice of that designation provided to all counsel of record within thirty (30) days after receipt of the information or document containing Confidential Information.  Subject to the procedures in Paragraph 8, upon such notice the document will be treated as Confidential Information within the meaning of this Protective Order.

7.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as confidential by counsel and shall be subject to the provisions of this Protective Order.   Such designation shall be made on the record during the deposition whenever possible,

but a party may designate portions of depositions as containing Confidential Information after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after receipt of the transcript of the testimony.

8.  A party may object to the designation of Confidential Information by giving written notice to the party designating the disputed information as Confidential Information.  The written notice shall specifically identify the information to which the objection is made.  If the parties cannot resolve the objection, it shall be the obligation of the party objecting to the designation as Confidential Information to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  Such motion must be filed within thirty (30) days after submitting written objection to the Confidential Information designation.  If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion.  In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the designated information to be treated as Confidential Information.

9.  In the event that any party receives a third-party subpoena or other form of legal process requesting Confidential Information in this case and prior to

producing Confidential Information, the party receiving such request will provide the opposing party written notice that such a request was received as soon as possible (but no later than five business days from receipt) and provide a copy of the request with the written notice.

10.     Confidential Information may be filed with the Court to the extent reasonably necessary to support motions or other matters related to the litigation. If any Confidential Information is to be filed with the Court, the party seeking to file it ("filing party") shall provide advance notice of the intention to do so and identify the documents that will be filed, so that the other party ("opposing party") may file an order to seal the information in accordance with the Local Rules of the Eastern District of Michigan and as otherwise stated in this Order. If such notice is given less than three days before filing—and the opposing party indicates that it intends to seek an order sealing the identified documents—the filing party shall initially file a document that omits the confidential information and inserts placeholders where that information would otherwise be set forth. The opposing party will have seven (7) days to file a motion to seal; if the opposing party does not do so, the filing party may file the full document without placeholders. If the motion to seal is granted, the filing party must file the full document under seal, along with the sealed exhibits.

11.     Non-parties from whom discovery is sought by the parties to this Order may designate any document or other tangible information as "Confidential" consistent with the terms of this Stipulated Protective Order, provided that such non-

parties agree in writing to be bound by the Stipulated Protective Order. Under such circumstances, documents and information designated "Confidential" by a non-party are assigned the same protection as documents and information designated by a party, and all duties applicable to a designating party shall apply to a non-party designating documents or information "Confidential." All obligations applicable to parties receiving such documents or information shall apply to any parties receiving documents or information from such non-party.

12.     This order does not authorize the filing of any documents or other matters under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file such items under seal may do so in accordance with Local Rule 5.3, and shall file and serve a motion or submit a proposed stipulated order that sets forth:

    i.    The authority for sealing;
    ii.    An identification and description of each item proposed for sealing;
    iii.    The reason that sealing each item is necessary;
    iv.    The reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing;
    v.    A memorandum of legal authority supporting sealing.

13.     In the case of medical, employment, educational, and financial records, as well as deposition transcripts, counsel may redact the appropriate non-pertinent personal, financial, or health information contained therein. Examples of "non-pertinent personal, financial, or health information" include: social security

numbers, bank account numbers, dates of birth, names and dates of birth of minor children, home addresses, and telephone numbers, where these subjects are not at issue.

14.     Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. At the conclusion of this case, each document and all copies thereof which have been designated as Confidential Information shall be returned to the party designating them as confidential. Alternatively, a party may elect to destroy documents containing Confidential Information.  Where a party elects to destroy documents containing Confidential Information, the destroying party shall provide all parties with a written statement to counsel for the other party confirming that such destruction has been accomplished. Notwithstanding the foregoing, counsel of record for the parties may retain one complete set (including exhibits) of pleadings and motion papers filed with the Court, and one complete copy of deposition testimony (including exhibits) given in this action in a secure location. Materials designated as "Confidential" that are in the custody of the Court are excepted from the terms of this paragraph.

15.     Any document subject to this Protective Order when produced will remain protected unless the parties agree in writing to remove the designation, or as otherwise ordered by the Court.

16.     This Protective Order may be amended by written stipulation of the parties subject to the Court's approval, or by the Court for good cause shown upon notice to all counsel and an opportunity to be heard.  This Protective Order is without prejudice to the right of any party to admit Confidential Information as evidence or in this action contest the admissibility, discoverability, or privileged status of any document or information.

17.     The parties agree that this Protective Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter. Within thirty (30) days after entry of this Order and subject to the procedures set forth in this Order, any party may designate as Confidential Information any documents or information produced prior to entry of this Protective Order, including materials produced at any time after the commencement of this case.

18.     The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance,

responsiveness, and/or segregation of privileged and/or protected information before production.

**IT IS SO ORDERED.**

Dated: January 13, 2025

s/Brandy R. McMillion
Honorable Brandy R. McMillion
United States District Judge

The above order is stipulated to:

CARLA D. AIKENS, P.L.C.

By:*/s/Carla D. Aikins with permission*
    Carla D. Aikens (P69530)
    Austen J. Shearouse (P84539)
*Attorney for Plaintiff*
615 Griswold St., Ste. 709
Detroit, MI 48226
carla@aikenslawfirm.com
austen@aikinslawfirm.com

Dated: January 13, 2025

KIENBAUM HARDY VIVIANO
 PELTON & FORREST, PLC

By: */s/Thomas J. Davis*
    Thomas J. Davis (P78626)
    Lauren J. Walas (87669)
*Attorneys for Defendant*
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com
lwalas@khvpf.com

Dated: January 13, 2025