**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| GERALD PALMER, | Case No: 2:24-cv-12353-BRM-DRG |
| Plaintiff, | |
| v. | |
| SCRIPPS MEDIA, INC., | |
| Defendant. _____/ | |

**PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING SCOPE OF SUBPOENAED MEDICAL RECORDS**

Plaintiff Gerald Palmer, by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves this Court for entry of a Protective Order limiting the scope of Defendant's request for Plaintiff's mental health records. In support of this Motion, Plaintiff states as follows:

1. Plaintiff began working for Defendant in November of 2021 making approximately $13/hour as a stage manager. (ECF No. 1 at ¶ 7)

2. Defendant has requested production of Plaintiff's psychological and mental health records dating back more than ten years, including through a subpoena to Alliance Psychological Services, regardless of whether such records relate to the claims or defenses in this case. **Exhibit A – Subpoena**.

3. While the subpoena states that it relates to this matter, its language requests everything from HIV records, to correspondence of the facility with any of Plaintiff's family members. ***Id.***

1

4. Plaintiff has placed only his emotional distress and mental anguish resulting from Defendant's conduct at issue, and Defendant has been provided with records from the time that he began treating with the facility, which was after he began working for Defendant.

5. The facility responded to the subpoena by providing records for the period while Plaintiff worked for Defendant.

6. After several weeks, Defendant went back to the facility to ask for records from 2014.

7. Plaintiff objected to this, believing that the subpoena was only to cover records related to this lawsuit, which he deemed to be records stemming from when he commenced treatment after beginning work for Defendant – which is the time period for which Plaintiff is seeking damages.

8. The date for which records were produced by Alliance was from January 23, 2023, which was the first time he had been seen by Alliance after he began working for Defendant in November 17, 2021.

9. There are no records from November 17, 2021 date to January 23, 2023, and thus nothing from those dates was produced to Defendant.

10. Defendant's counsel stated in correspondence that it believed that Plaintiff had treated with a physician in the practice in 2019, apparently requesting records that preceded the 2023 visits by nearly four years.

11. There is no reason that Defendant would need any prior records, to the extent they exist, as they do not relate to this case and he is not claiming damages that precede his employment.

12. After Plaintiff began working for Defendant in 2021, he did not seek treatment from Alliance until early 2023, which is the time period of the records the facility has already produced to Defendant.

13. Defendant's request for records from 2014 is overbroad, unduly burdensome, and not proportional to the needs of this case under Fed. R. Civ. P. 26(b)(1).

14. Defendant's request also intrudes on Plaintiff's privacy interests in his medical history without sufficient justification.

15. Accordingly, Plaintiff seeks a protective order limiting the production of medical records as follows:

    a. To records dated no earlier than the time he began working for Defendant in November of 2021; and

    b. Excluding records related to unrelated physical or mental health conditions not placed at issue in this case.

16. Pursuant to Local Rule 7.1(a), Plaintiff's counsel conferred with Defendant's counsel on April 10, 2025, and the parties were unable to reach agreement regarding the appropriate scope of the requested records. Plaintiff files this motion after discussion between the parties with this Honorable Court's case manager regarding the dispute.

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion and enter a Protective Order limiting the scope of Defendant's request for medical records in accordance with the terms stated above, and award any further relief the Court deems just and appropriate.

Dated: April 23, 2025                               Respectfully submitted,

                                                            Carla D. Aikens, PLC
                                                            <u>/s/ Carla D. Aikens</u>
                                                            Carla D. Aikens (P69530)
                                                           615 Griswold Street, Suite 709
                                                           Detroit, MI 48226
                                                           (844) 835-2993
                                                           carla@aikenslawfirm.com
                                                           Attorney for Plaintiff

4

## **QUESTION PRESENTED**

Whether Plaintiff is entitled to a protective order regarding the ten years of records from Alliance, where Defendant has already received medical records from Alliance from January 2023 to present?

    Plaintiff answers "Yes."

    Defendant would answer "No."

# **TABLE OF AUTHORITIES**

**Cases**

*Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, No. 01-2417-GV, 2002 WL 1483879 (W.D. Tenn. Jun.26, 2002) .................................................................................................. 10
*In re Zuniga*, 714 F.2d 632 (6th Cir. 1983) ................................................................... 9
*Jaffee v. Redmond*, 518 U.S. 1 (1996) .......................................................................... 9
*Mann v. Univ. of Cincinnati,* 114 F.3d 1188 (6th Cir. 1997) ........................................ 10
*Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380 (N.D. Ohio Nov. 19, 2008) .............................................................................................................................. 10
*United States v. Miller*, No. 23-5485 (6th Cir. Aug. 10, 2024) ..................................... 9

**Rules**

Federal Rule of Civil Procedure 26(c) ............................................................................ 8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD PALMER,                                Case No: 2:24-cv-12353-BRM-DRG

    Plaintiff,

        v.

SCRIPPS MEDIA, INC.,

    Defendant.
_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PROTECTIVE ORDER REGARDING SCOPE OF SUBPOENAED MEDICAL RECORDS

### I.    INTRODUCTION

Plaintiff seeks relief from the Court to limit the scope of Defendant's subpoena to Alliance Psychological Services ("Alliance"), which seeks Plaintiff's mental health records dating back more than ten years—well before his employment with Defendant. Such a request is overly broad, intrusive, not proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1), and inconsistent with Sixth Circuit precedent governing emotional distress claims. Alliance has produced records for Plaintiff from January 2023, but Plaintiff objects to disclosure of any pre-employment records that are not relevant and are protected by privacy interests.

### II.    FACTUAL BACKGROUND

Defendant issued a subpoena to Alliance Psychological Services seeking Gerald Palmer's records from 2014 to the present. Alliance initially produced records beginning in January 2023, during Plaintiff's employment at Scripps Media, as the subpoena states that it is connected to a

7

lawsuit between the parties. **Exhibit A**. However, after receiving the records and making no issue at that time, Defendant later demanded records going back to 2014, asserting entitlement based on the breadth of the subpoena and a general emotional distress claim.

Plaintiff's counsel responded that Plaintiff objected to production of records outside the scope of his employment and damages claims. Defendant ignored this attempt to meet and confer and instead accused Plaintiff of waiver, citing HIPAA releases previously provided and arguing that neither Plaintiff nor Alliance had standing to object after the subpoena's return date.

Plaintiff has not placed his entire psychological history at issue. He was not in treatment in 2021 when he began working, and did not begin treatment with Alliance until January of 2023. Plaintiff asserts only emotional distress arising from the discrimination and retaliation alleged in the Complaint. Defendant's demand for records years before his employment is not only irrelevant, it is an abuse of the discovery process.

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) authorizes protective orders upon good cause shown to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Courts may "forbid inquiry into certain matters, or limit the scope of disclosure or discovery to certain matters."

Discovery must also be "proportional to the needs of the case" under Rule 26(b)(1), taking into account the importance of the issues, the amount in controversy, the parties' access to information, and the burden versus benefit of the requested discovery. Discovery into sensitive mental health records implicates significant privacy concerns and should be narrowly construed,

given that there is a psychotherapist-patient privilege that is recognized by the U.S. Supreme Court and the Sixth Circuit (*see Jaffee v. Redmond*, 518 U.S. 1, 15 (1996); *In re Zuniga*, 714 F.2d 632, 637–39 (6th Cir. 1983)), and thus waiver of that privilege for purposes of discovery should only be upon a particularized showing of relevance by the party seeking disclosure. The Sixth Circuit has further recognized, in discussing whether the psychotherapist privilege should apply in the criminal context, that medical records from approximately April 2019 were too "temporally attenuated" from allegations made by a victim in January 2020, such that disclosure was not appropriate. *United States v. Miller*, No. 23-5485, slip. op. at 10 (6th Cir. Aug. 10, 2024) (unpublished). The main takeaway from the panel's discussion in *Miller* that is also applicable here is that the relevance and the specific time period for the request must be articulated with specificity by the party seeking disclosure of mental health records. *id.* at 7-11.

## IV. ARGUMENT

### A. Plaintiff's Emotional Distress Claim Does Not Justify Unlimited Medical Records Discovery

Defendant's blanket demand for records dating back to 2014 is disconnected from the relevant timeline in this case. Plaintiff began working for Defendant in November of 2021 and was injured by Defendant's conduct during the course of his employment—not in the years prior. Defendant's speculation about preexisting conditions does not justify invading ten years of private psychological history, when he is not making a claim for damages preceding his employment. Defendant has already received records in existence for Plaintiff from the time he began working for Defendant to present – and there are no such records for any time period between November of 2021 and when Plaintiff began going to Alliance in January of 2023.

### B. Plaintiff Has Not Waived His Right to Seek Protection

Defendant has claimed that Plaintiff "waived" objections by providing HIPAA releases and not filing a motion to quash by the subpoena return date. This argument is unavailing. Plaintiff is not a third-party; he is asserting his privacy interest over sensitive personal medical records. He is entitled to seek a protective order under Rule 26(c). *See Fleet Bus. Credit Corp. v. Hill City Oil Co., Inc.*, No. 01-2417-GV, 2002 WL 1483879, at *2 (W.D. Tenn. Jun.26, 2002) (unpublished) ("Many district courts have acknowledged this aspect of the rule which allows a party to file a motion for protective order on behalf of a non party"); *see also Schweinfurth v. Motorola, Inc.*, No. 1:05CV024, 2008 WL 4981380, at *2 (N.D. Ohio Nov. 19, 2008) ("[Courts within the Sixth Circuit] held that discovery need not be sought from a party in order for a party to have standing to challenge subpoenas served on non-parties."). Moreover, in some circumstances, a plaintiff may even seek a motion to quash if the information sought to be disclosed would violate a privilege or a personal right. *Mann v. Univ. of Cincinnati,* 114 F.3d 1188 (6th Cir. 1997)

### V.  CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests the Court issue a protective order as follows:

1. Limiting discovery of Plaintiff's psychological records to the period beginning with his employment with Defendant;
2. Restricting production to records relating to emotional distress allegedly caused by Defendant;

Dated: April 23, 2025                                        Respectfully submitted,

                                                                          Carla D. Aikens, PLC

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
615 Griswold Street, Suite 709
Detroit, MI 48226
(844) 835-2993
carla@aikenslawfirm.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served upon all opposing parties, or their attorney of record, on April 23, 2025

*/s/Katazyna Nowicki*