UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD PALMER, JR.,

    Plaintiff,

v.

SCRIPPS MEDIA, INC.,

    Defendant.

Case No. 24-cv-12353

Hon. Brandy R. McMillion

Magistrate Judge David R. Grand

**Defendant's Brief in Opposition to Plaintiff's Motion for Protective Order Regarding Scope of Subpoenaed Medical Records**

## Table of Contents

Statement of Issues Presented ................................................................................... ii

Controlling or Most Appropriate Authority ............................................................. iii

Table of Authorities ..................................................................................................iv

Introduction ................................................................................................................1

Background ................................................................................................................1

Argument ...................................................................................................................3

      I.     Plaintiff has placed his medical and mental health conditions at "issue" by claiming disability discrimination and emotional distress damages, and has specifically tied his current alleged condition to his past condition treated by Alliance. ................................................................................3

      II.    Palmer's motion is also procedurally improper and particularly inappropriate at the discovery stage. ................................6

Conclusion .................................................................................................................8

## Statement of Issues Presented

Should the Court prevent Defendant Scripps Media, Inc. from viewing certain medical records that immediately pre-date Plaintiff Gerald Palmer, Jr.'s employment at Scripps when (1) Palmer claims that his employment at Scripps was the cause of his ▮▮▮▮, even though he was diagnosed with ▮▮▮▮ before he joined Scripps; (2) there is circumstantial evidence that Palmer's therapist provided a new ▮▮▮▮ diagnosis for purposes of this litigation; (3) Palmer did not object to Scripps's request for these records in January 2025 and authorized their release in February 2025; and (4) Palmer did not object to the release of his medical records by any other mental health providers?

-iii-

## Controlling or Most Appropriate Authority

Federal Rule of Civil Procedure 26

*In re Ohio Execution Protocol Litig.*, 845 F.3d 231 (6th Cir. 2016)

*Maday v. Pub. Librs. of Saginaw*, 480 F.3d 815 (6th Cir. 2007)

*O'Malley v. NaphCare Inc.,* 311 F.R.D. 461 (S.D. Ohio 2015)

*Simon v. Cook*, 261 F. App'x 873 (6th Cir. 2008)

*Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200 (E.D. Mich. 2018)

*Uszak v. Yellow Transp., Inc.*, 343 F. App'x 102 (6th Cir. 2009)

## Table of Authorities

**Cases**

*Chadwell v. United States*,
  2023 WL 6664986 (D. Kan. Oct. 12, 2023) ......................................................4

*Collett v. Weyerhaeuser Co.*,
  512 F. Supp. 3d 665 (E.D. La. 2021) ...............................................................6

*Equal Emp. Opportunity Comm'n v. Danka Indus., Inc.*,
  990 F. Supp. 1138 (E.D. Mo. 1997) .................................................................4

*Equal Emp. Opportunity Comm'n v. Proctor Fin., Inc.*,
  644 F. Supp. 3d 400 (E.D. Mich. 2022) ...........................................................4

*In re Ohio Execution Protocol Litig.*,
  845 F.3d 231 (6th Cir. 2016) ............................................................................7

*In re Paoli R.R. Yard PCB Litigation*,
  35 F.3d 717 (3d Cir. 1994) ...............................................................................6

*Maday v. Pub. Librs. of Saginaw*,
  480 F.3d 815 (6th Cir. 2007) ........................................................................3, 6

*O'Malley v. NaphCare Inc.*,
  311 F.R.D. 461 (S.D. Ohio 2015) .....................................................................4

*Simon v. Cook*,
  261 F. App'x 873 (6th Cir. 2008) .....................................................................3

*Siser N. Am., Inc. v. Herika G. Inc.*,
  325 F.R.D. 200 (E.D. Mich. 2018) ...................................................................7

*United States v. Miller*,
  2024 WL 3760328 (6th Cir. Aug. 12, 2024) ....................................................3

*Uszak v. Yellow Transp., Inc.*,
  343 F. App'x 102 (6th Cir. 2009) .....................................................................4

**Rules**

Fed. R. Civ. P. 26(c)(1) ...........................................................................................7

## Introduction

As a general matter, a party alleging that his employer caused him emotional distress puts his mental condition at issue, waiving any privilege over the records. Here, Plaintiff Gerald Palmer, Jr. claims that Defendant Scripps Media, Inc. caused him to suffer from ████████████████ but conceded that he had a ███ diagnosis in the year or so immediately before starting at Scripps. The *same* provider (████████████, the owner of Alliance Psychological Services) gave both ███ diagnoses, and both times Alliance's records noted litigation being contemplated by Palmer. Those records are plainly relevant to testing Palmer's claim that Scripps caused him ███ and the validity of his ███ diagnosis. Yet Palmer—despite having waived any objections to the discovery months ago—now wants to block Alliance, and Alliance alone, from producing records. He does so in a brief, perfunctory motion for a protective order that does not provide good cause to prevent Scripps from merely obtaining the records in discovery. His motion should be denied.

## Background

Palmer was a part-time employee at WXYZ hired in November 2021. (Compl., ECF No. 1, PageID.2.) He was suspended in January 2023 so that management could assess whether to terminate his employment due to performance and attendance issues. (*Id*. at PageID.7; Joint Proposed Rule 26(f)

-1-

Disc. Plan, ECF No. 9, PageID.86-87.) Palmer reacted by accusing his supervisor of discrimination. (Joint Proposed Rule 26(f) Disc. Plan, ECF No. 9, PageID.86-87.) Scripps postponed Palmer's termination while it conducted a thorough investigation, which concluded that Palmer's accusations were unsubstantiated. (*Id.*) WXYZ then followed through with the termination as planned. (*Id.*)

Palmer subsequently brought this nine-count lawsuit for discrimination and retaliation. (*See generally* Compl., ECF No. 1.) He seeks damages for "mental anguish," "anxiety," and "physical and emotional distress." (*Id.* at PageID.9, 11, 13-15, 17, 19-21.) At deposition, Palmer claimed that he suffered from ▮ because of his employment at WXYZ, but also stated that he had been diagnosed with ▮ *before* starting work at WXYZ. (Ex. A, Pl.'s Dep. 118:2-3, 14-25.) He also testified, without objection, to his treatment with Alliance and specified that Scripps could learn more about his treatment from his medical providers. (*Id.* at 12:2-12, 53:9-16.)

Consistent with Palmer's disability and emotional distress claims, Scripps served interrogatories asking for the identities of his medical and mental health providers and seeking HIPAA releases; Palmer did not object and signed the releases in February 2025. (*See* Ex. B, Pl.'s Resp. to Def.'s Interrog. No. 3; Ex. C, Signed Releases.) Scripps then issued subpoenas to the providers Plaintiff had identified. (*See* Ex. D, Medical Record Subpoenas.) Most of the providers thus

-2-

produced responsive records from the entire time period requested, but one—Alliance—refused to produce documents predating Palmer's employment at WXYZ. (Ex. E, Correspondence with Alliance Psychological Services.) Alliance did not, however, serve objections or move to quash to the subpoena. It simply refused to comply. (*Id.*) When Scripps's counsel asked Alliance to comply with the subpoena, Palmer's counsel interjected, leading to the present motion. (*Id.*)

## Argument

**I.  Plaintiff has placed his medical and mental health conditions at "issue" by claiming disability discrimination and emotional distress damages, and has specifically tied his current alleged condition to his past condition treated by Alliance.**

When a party places his "emotional state at issue" in a lawsuit, he waives any psychotherapist/patient privilege. *Maday v. Pub. Librs. of Saginaw*, 480 F.3d 815, 821 (6th Cir. 2007); *see also Simon v. Cook*, 261 F. App'x 873, 886 (6th Cir. 2008) ("this circuit has held that placing one's mental health at issue constitutes waiver of the privilege"). In such cases, consistent with the broad scope of discovery permitted by Federal Rule of Civil Procedure 26, the defendant may seek the plaintiff's mental health records by subpoena[1]; indeed, the Sixth Circuit has affirmed sanctions on counsel for withholding signed HIPAA releases so that such

---

[1] The *Miller* case relied on by Palmer (Pl.'s Mot., ECF No. 14, PageID.129) did not involve a plaintiff whose claim put his medical condition at issue; it involved a criminal defendant attempting to subpoena a victim's medical records. *See United States v. Miller*, 2024 WL 3760328, at *5-6 (6th Cir. Aug. 12, 2024). It is inapposite.

-3-

subpoenas may be served. *See Uszak v. Yellow Transp., Inc.,* 343 F. App'x 102, 108 (6th Cir. 2009).

Nor is discovery of such records limited to the timeframe of the plaintiff's allegations. Instead, pre-existing mental health issues or stressors are relevant to refuting a claim that emotional distress was caused by the defendant. *See O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 467-68 (S.D. Ohio 2015) (granting motion to compel production of mental health records pre-dating alleged employment discrimination); *Equal Emp. Opportunity Comm'n v. Proctor Fin., Inc.*, 644 F. Supp. 3d 400, 411 (E.D. Mich. 2022) (evidence that plaintiff's alleged emotional issues stemmed in part from an incident occurring ten years before her employment was relevant evidence); *Equal Emp. Opportunity Comm'n v. Danka Indus., Inc.*, 990 F. Supp. 1138, 1141 (E.D. Mo. 1997) ("medical records are discoverable to determine whether the plaintiff-intervenors' past medical history contributed to their claimed emotional distress").

Under this authority, Scripps's request to Alliance is plainly within the scope of discovery. Palmer has placed his mental health at issue, alleging ▇▇▇—a particularly severe form of emotional distress that goes beyond the ordinary "garden variety" sort of distress generally claimed in employment cases. *E.g., Chadwell v. United States*, 2023 WL 6664986, at *3 (D. Kan. Oct. 12, 2023). And Palmer admitted that he was diagnosed with ▇▇▇ *before* joining WXYZ. (*Supra*

-4-

at 2.) Given these admissions alone, Scripps is entitled to discovery into Palmer's alleged ███ history to test Palmer's claims that WXYZ—and not his pre-existing trauma—was the cause of Palmer's alleged emotional distress damages here.

But Scripps's interest in the Alliance records goes beyond the ordinary for other specific reasons: (1) Palmer's own current medical records expressly tie his 2019 and 2023 ███ diagnoses together;[2] (2) the same clinic—Alliance—gave Palmer the 2019 and 2023 ███ diagnoses, both in connection with discrimination lawsuits;[3] (3) another medical provider questioned the validity of Alliance's ███ diagnosis;[4] and (4) Palmer stopped treating for his 2019 ███ diagnosis in 2021, shortly after his 2019 lawsuit settled.[5] For these additional reasons, Scripps should be entitled to examine all of Palmer's records from Alliance—and not just the ones

---

[2] Ex. F, Excerpts of 2023 Records from ███ at SCRIP-0002451, SCRIP-0002457; Ex. G, Excerpts of 2025 Records from ███ at SCRIP-0002270.

[3] Ex. H, Excerpts of 2019 Records from ███ at SCRIP-0001793; Ex. I, Excerpts of 2023 Records from Alliance Psychological Services at SCRIP-0002640. Notably, ███ had the initial 2019 Alliance intake record in *its* medical files and provided it in response to Scripps's unobjected-to subpoena to that provider. (See Ex. H, Excerpts of 2019 Records from ███ at SCRIP-0001966.) Thus, contrary to Palmer's suggestion (Pl.'s Mot., ECF No. 14, PageID.129), Alliance plainly has relevant files from the 2019-2021 timeframe. (*See also* Ex. A, Pl.'s Dep. 12:2-12 (Palmer started treating with Alliance in 2019).)

[4] Ex. J, Excerpts of 2019 Records from ███ at SCRIP-0001709.

[5] Ex. K, Excerpts of 2021 Records from ███ at SCRIP-0001246; Ex. L, Motion to Enforce Settlement.

generated in anticipation of *this* lawsuit—given Alliance's potential history of providing litigation-related diagnoses for Palmer. That information is relevant both as to the validity of the diagnosis and the procedures necessary for Palmer to rely on the diagnosis. *See, e.g.*, *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 741-43 (3d Cir. 1994) (noting standards for excluding opinions prepared for litigation); *Collett v. Weyerhaeuser Co.*, 512 F. Supp. 3d 665, 672 (E.D. La. 2021) (requiring expert report for purported "treating physician" whose treatment was for litigation purposes), *aff'd,* 2022 WL 2387352 (5th Cir. July 1, 2022).

II.  **Palmer's motion is also procedurally improper and particularly inappropriate at the discovery stage.**

The Sixth Circuit has recognized that when—as here—a party has put his emotional state at issue in litigation, the admission of psychological records is a question of *evidence*, subject to Federal Rule of Evidence 403 balancing. *Maday*, 480 F.3d at 821. And Palmer is, in effect, demanding a motion-in-limine style ruling, asking the Court to determine that Scripps should not be allowed to use Alliance's medical records before Alliance even has to produce them. This puts the cart before the horse. The Court should decline Palmer's invitation to effectively predetermine the cause of Palmer's emotional distress in Palmer's favor—all without the benefit of a full record, and without letting Scripps see the records.

When viewed as a mere discovery dispute, Palmer's motion is particularly meritless. *First*, as "a general rule, failure to object to discovery requests within the

thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018) (citation and quotation marks omitted). Here, Palmer did not object to Scripps's request in January 2025 for a HIPAA release for the purpose of obtaining records from Alliance, and in fact provided that release in February. (*Supra* at 2.) Palmer has waived all objections to the discoverability of these records and has no basis to prevent their production. The Court may then hear any possible *evidentiary* objections at an appropriate time, on a full record.

    *Second*, even putting aside waiver, a party seeking a protective order must show "'good cause' for protection from one (or more) harms identified in Rule 26(c)(1)(A)" through a "'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *In re Ohio Execution Protocol Litig.*, 845 F.3d 231, 236-37 (6th Cir. 2016) (citation omitted); Fed. R. Civ. P. 26(c)(1). Palmer offers no such particularized demonstration of specific fact. Nor could he. The Court has already issued a protective order making medical records confidential. (*See* ECF No. 11, PageID.108.) Palmer has—without objection—provided releases for numerous other providers, all of whom have already produced responsive documents containing detailed medical information. (*Supra* at 2-3.) He offers no explanation as to why Alliance—and Alliance alone—has records that are so particularly sensitive that Scripps should not even be

allowed to see them.[6] There is no good cause to prevent Scripps's mere ability to obtain the Alliance records in discovery, particularly when the Court can address (on a complete record) any evidentiary challenges at an appropriate time.

## Conclusion

For these reasons, the Court should deny Plaintiff's Motion for Protective Order in its entirety.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: /s/ Thomas J. Davis
    Thomas J. Davis (P78626)
    Lauren J. Walas (P87669)
*Attorneys for Defendant*
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com
lwalas@khvpf.com

Dated: May 7, 2025

---

[6] Palmer's newfound objection to a 10-year time period in Scripps's requests is a red herring. (Pl.'s Mot., ECF No. 14, PageID.129.) Palmer testified that he started seeing Alliance in 2019. (Ex. A, Pl.'s Dep. 12:2-8.) There are not 10 years' worth of Alliance records to be produced here.

-8-

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 14, 2025, I electronically filed the foregoing and all attachments with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Thomas J. Davis*
Thomas J. Davis