UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD PALMER, JR.,

        Plaintiff,   Case No. 2:24-cv-12353

v.   Hon. Brandy R. McMillion
    United States District Judge

SCRIPPS MEDIA, INC,

        Defendant.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (ECF NO. 14)**

Before the Court is Plaintiff Gerald Palmer's ("Palmer") Motion for Protective Order Regarding Scope of Subpoenaed Medical Records (ECF No. 14). Defendant Scripps Media, Inc. ("Scripps") previously served several subpoenas to Palmer's medical providers, including one to Alliance Psychological Services ("Alliance"). *See* ECF No. 14-1; *see also* ECF No. 19, PageID.251-252. Alliance refused to produce any records predating Palmer's employment with Scripps. ECF No. 19, PageID.252. This sparked the current discovery dispute between the parties, prompting Palmer to file the instant motion.

Scripps argues that "consistent with Palmer's disability and emotional distress claims," it is entitled to Palmer's medical records because he has placed his

1

emotional state at issue in this lawsuit. ECF No. 19, PageID.252. Palmer does not dispute that he has placed his emotional and mental health in issue. *See* ECF No. 14, PageID.122. Instead, Palmer argues that he has "placed only his emotional distress and mental anguish resulting from [Scripps's] conduct at issue" and because he began working for Scripps in 2021 and did not seek treatment relating to the allegations in this complaint until 2023, any request for medical records dating back to 2014 "is overbroad, unduly burdensome, and not proportional to the needs of the case under Fed. R. Civ. P. 26(b)(1)." *Id.* at PageID.123. To an extent, the Court agrees.

Scripps has not provided the Court with any information that would show that medical records dating back to 2014 are relevant or necessary to its defense. However, Scripps has shown that Palmer's 2023 medical diagnosis could be tied to a similar 2019 medical diagnosis. Because Rule 26 allows for the broad discovery of any non-privileged information that is relevant to a claim or defense, the Court finds that Scripps is entitled to explore if Palmer had pre-existing mental health issues that could have bearing on his current claims of emotional distress. *See, e.g., Petty v. Bluegrass Cellular, Inc.,* No. 3:19-cv-00193, 2021 WL 1235266, at *5 (W.D. Ky. Apr. 2, 2021) (citing *Maday v. Pub Librs. of Saginaw,* 480 F.3d 815, 821 (6th Cir. 2007)). Additionally, in order to defend against Palmer's emotional distress claim, Scripps is entitled to establish a baseline as well as the existence of any other

contributing factors to the alleged emotional distress. *Id.* The Court finds that records dating back to 2019 could lead to the discovery of relevant evidence and therefore will allow Scripps to seek limited further records from Alliance.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Palmer's Motion for Protective Order Regarding Scope of the Subpoenaed Medical Records (ECF No. 14). The Court **ORDERS** Alliance Psychological Services to produce any additional medical records for Gerald Palmer, dating back to the beginning of 2019. However, any medical records from 2014 to the end of 2018 are exempt from disclosure.

**IT IS SO ORDERED.**

Dated: May 23, 2025　　　　　　　　　　　s/Brandy R. McMillion
　　　Detroit, Michigan　　　　　　　　　　BRANDY R. MCMILLION
　　　　　　　　　　　　　　　　　　　　United States District Judge