UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD PALMER, JR.,

      Plaintiff,

v.

SCRIPPS MEDIA, INC.,

      Defendant.

Case No. 24-cv-12353

Hon. Brandy R. McMillion

Magistrate Judge David R. Grand

**Defendant's Response to Plaintiff's Objection to Clerk's Taxation of Costs**

## Introduction

Palmer's objection rests on a fundamental misreading of Scripps' Bill of Costs. Rather than reviewing the itemized attachment to the Bill of Costs—which identifies each category of cost sought and the corresponding authority from the Bill of Costs Handbook—Palmer's counsel appears to have read only the underlying vendor invoices and assumed Scripps was seeking reimbursement for every line item on them. It was not.

Scripps did not seek recovery for rough drafts, realtime, video services, or video syncing. Those charges appear on the invoices because Scripps purchased those services, but it deliberately excluded them from the Bill of Costs. Palmer's Objection consequently spends the better part of six pages attacking charges that were never requested. The rest of his brief raises equitable arguments to avoid costs—good faith and the fact that this is a civil rights case—that the Sixth Circuit has expressly held to be insufficient. The Court should overrule the Objection.

## Argument

I. **The vast majority of Palmer's objections are directed at charges Scripps did not seek, and the charges Scripps did seek are expressly authorized.**

Plaintiff identifies nineteen categories of purportedly non-taxable charges totaling $5,558.20 and argues they must be "subtracted" from the $5,865.70 award. ECF No. 34, PageID.988-989. The math alone should have given Palmer pause: it

would leave only $307.50, an amount that does not even cover the base transcript charges for a single day of Palmer's deposition, let alone all the depositions cited.

Palmer's error is simple: most of the charges he objects to were never part of the Bill of Costs. Scripps' attachment to the Bill of Costs (R. 32, PageID.970–72) expressly itemizes the categories of costs sought for each deposition and cites the applicable section of the Bill of Costs Handbook for each. For example, Scripps paid $4,789.20 for Palmer's Day 1 deposition transcript, but only sought $2,347.70 of those costs, which is the portion permitted by the Handbook:

- the base transcript cost of $1,719.00 (Handbook § II.C.1.d);

- the exhibits cost of $98.70 (*id.* § II.C.1.h);

- the reporter's attendance cost of $495 (*id.* § II.C.1.f); and

- the electronic package cost of $35 (*id.* § II.C.1.g, .i).

*Compare* ECF No. 32, PageID.970 *with* ECF No. 32, PageID.973.

The same is true for all the transcripts. Scripps did not seek recovery for any rough draft charges, realtime charges, video services, or video syncing. *See* ECF No. 32, PageID.970-972. Palmer's objections are thus moot, because he challenges costs that Scripps did not seek to tax, and which the clerk did not tax.

The costs Scripps actually requested—for transcripts, reporter attendance, exhibit copies, and electronic packages—are each authorized by 28 U.S.C. § 1920(2) and the corresponding provisions of the Eastern District's Bill of Costs Handbook,

-2-

as cited line-by-line in the attachment. Palmer's Objection does not meaningfully engage with these categories on their merits, largely because he incorrectly assumed they were buried within a larger mass of non-taxable charges. Scripps itemized only the charges allowed by the Handbook, and the Clerk correctly taxed them.

## II.      Every deposition was cited in Scripps' dispositive briefing.

Palmer next suggests that some depositions were taken "merely for discovery or investigative purposes." ECF No. 34, PageID.990. The attachment to the Bill of Costs refutes this. Each deposition is identified by the specific exhibit number and ECF citation where it was filed in support of Defendant's Motion for Summary Judgment. ECF No. 32, PageID.970–72. Every transcript for which costs were sought was used in connection with Scripps' successful summary judgment motion.

## III.     Plaintiff's equitable arguments do not overcome the presumption in favor of costs.

Federal Rule of Civil Procedure 54(d)(1) creates a presumption that costs will be awarded to the prevailing party. *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). To overcome this presumption, the losing party bears the burden of demonstrating why costs should not be awarded. *Id.* Good faith is an insufficient basis to deny costs to a prevailing party. *Id.* at 730-31. It is also irrelevant that the case is a civil rights action, for "the prevailing party in a civil rights action… is in the same position as any other prevailing party with respect to costs available pursuant to 28 U.S.C. § 1920." *Goostree v. State of Tenn.*, 796 F.2d 854, 864 (6th

-3-

Cir. 1986). But that is all Palmer argues here to avoid costs: that he filed a civil rights action and acted in good faith. ECF No. 34, PageID.992. He offers no sufficient basis to avoid taxed costs in this case.

## Conclusion

Palmer's Objection is predicated on charges Scripps never requested, and on legal arguments that are insufficient as a matter of law. The costs Scripps sought are authorized by statute and the Bill of Costs Handbook, meticulously documented, and were correctly taxed by the Clerk. Scripps respectfully asks the Court to overrule Palmer's Objection and affirm the Clerk's taxation of costs in the amount of $5,865.70.

Respectfully submitted,

KIENBAUM HARDY
VIVIANO PELTON & FORREST, P.L.C.

By: */s/ Thomas J. Davis*
    Thomas J. Davis (P78626)
    Lauren J. Walas (P87669)
*Attorneys for Defendant*
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com
lwalas@khvpf.com

Dated: March 10, 2026

-4-

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2026, I electronically filed the foregoing and all attachments with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

*/s/ Thomas J. Davis*
Thomas J. Davis (P78626)
Kienbaum Hardy
Viviano Pelton & Forrest, P.L.C.
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
tdavis@khvpf.com

603658